O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLENN DAVID O'NEAL, | ) | NO. EDCV 09-1884-DDP (MAN) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER DISMISSING |
| | ) | |
| v. | ) | COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| DEPUTY BRENES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
|_____| ) | |

Plaintiff, a state detainee proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, on October 14, 2009 ("Complaint").[1]

Congress has mandated that courts perform an initial screening of civil actions brought by prisoners with respect to prison conditions and/or that seek redress from a governmental entity or officer or employee of a governmental entity. This Court "shall" dismiss such a civil action brought by a prisoner before service of process if the Court concludes that the complaint is frivolous, malicious, fails to

_____

[1]   Plaintiff initially commenced this action in the United States District Court for the Southern District of California, which transferred the case to this judicial district.

1    state a claim upon which relief may be granted, or seeks relief against

2    a defendant who is immune from suit.  28 U.S.C. § 1915A(b); 42 U.S.C.

3    § 1997e(c)(1).  In screening such a complaint, the Court must construe

4    the allegations of the complaint liberally and must afford the plaintiff

5    the benefit of any doubt.  *See* <u>Karim-Panahi v. Los Angeles Police Dep't</u>,

6    839 F.2d 621, 623 (9th Cir. 1988).  A *pro se* litigant must be given

7    leave to amend his or her complaint unless it is absolutely clear that

8    the deficiencies of the complaint cannot be cured by amendment.  *Id.*;

9    <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

10

11               **ALLEGATIONS OF THE COMPLAINT**

12

13       Plaintiff is currently detained at the West Valley Detention Center

14    ("WVDC") in Rancho Cucamonga in San Bernardino County.  (Complaint at

15    1.)  Defendants are WVDC and Deputies Brenes and Franco.  (*Id.* at 2.)

16

17       Plaintiff is a participant in WVDC's vegan religious diet program.

18    (Complaint at 3.)  He complains that he is not receiving enough food.

19    On a number of occasions, items such as peanut butter or potatoes have

20    been missing from his food tray.  (*Id.* at 3, 4.)  Moreover, the veggie

21    burger he receives is only 3 ounces, while inmates receiving regular

22    food trays receive 14 ounces of food.  (*Id.* at 3.)  Plaintiff alleges

23    that he encounters these problems around six days a week.  (*Id.*)

24

25       Plaintiff contends that WVDC personnel, including Deputies Franco

26    and Brenes, have refused to convey his complaints about missing food

27    items to the kitchen staff.  (Complaint at 3, 4.)  When plaintiff

28    submitted grievances about the issue, he was disciplined for abusing the

1    grievance system, and he was threatened with additional discipline if

2    he submitted any more grievances concerning food. (*Id.*, Exhibits.)

3

4        On September 8, 2009, after plaintiff submitted grievances against

5    Deputies Franco and Brenes, Deputy Franco pulled plaintiff's legs "in

6    an obscene manner" while shackling him in preparation for going to

7    court. (Complaint at 4.) Deputy Franco then offered to help plaintiff

8    put on his shoes. (*Id.*) When plaintiff did not reply, Deputy Franco

9    was offended and suggested to Deputy Brenes that plaintiff change into

10   a smaller jumpsuit. (*Id.*) The two deputies made plaintiff change into

11   a jumpsuit that was too small for him. (*Id.*) Later, after plaintiff

12   misunderstood an order addressed to another inmate and stood up from his

13   chair, Deputies Franco and Brenes twisted his arms backwards in a

14   "chicken wing hold," bent his fingers back, and "continuously" pushed

15   him into the walls and into another inmate as they walked him to the

16   bus, all the while keeping his arms and fingers in the same painful

17   position. (*Id.*) Plaintiff sustained handcuff burns and sore muscles,

18   and he suffered mental anguish. (*Id.*) Plaintiff filed a grievance, but

19   it was not investigated. (*Id.*)

20

21       Plaintiff asserts claims for violation of the Eighth Amendment's

22   Cruel and Unusual Punishment Clause, the First Amendment's Free Exercise

23   of Religion Clause, and due process. (Complaint at 3, 4.) He seeks

24   compensatory and punitive damages and an injunction preventing

25   defendants from restricting his access to the grievance system to

26   complain about food issues and preventing them from serving him less

27   food than non-vegan inmates. (*Id.* at 7.)

28

                                      3

**DISCUSSION**

I.   **PLAINTIFF'S EXCESSIVE FORCE CLAIM AGAINST DEPUTIES FRANCO AND BRENES WITHSTANDS SCREENING**.

     Plaintiff asserts an excessive force claim under the Cruel and Unusual Punishment Clause of the Eighth Amendment.  (Complaint at 4.) The Cruel and Unusual Punishment Clause of the Eighth Amendment applies only to convicted prisoners.  Ingraham v. Wright, 430 U.S. 651, 671 n.40, 97 S. Ct. 1401, 1412 n.40 (1977).  The Due Process Clause of the Fourteenth Amendment governs excessive force claims brought by pre-trial detainees.  Bell v. Wolfish, 441 U.S. 520, 535 n.16, 99 S. Ct. 1861, 1872 n.16 (1979).  Plaintiff's allegations suggest that he may be a pre-trial detainee rather than a convicted prisoner.  If so, he is not entitled to the protections of the Eighth Amendment, and his excessive force claim arises under the Due Process Clause.

     In his amended complaint, plaintiff should clarify his status and the constitutional provision under which his excessive force claim arises.  Nevertheless, at this early stage of the action, plaintiff's factual allegations are sufficient to allege an excessive force claim against Deputies Franco and Brenes under whichever amendment is applicable.

II.  **PLAINTIFF FAILS TO STATE A FREE EXERCISE OF RELIGION CLAIM**.

     Plaintiff asserts a claim for violation of his First Amendment right to free exercise of religion.  (Complaint at 3.)

4

1    A prison inmate retains his First Amendment right to freely

2   exercise his religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348,

3   107 S. Ct. 2400, 2404 (1987); Cruz v. Beto, 405 U.S. 319, 322 & n. 2,

4   92 S. Ct. 1079, 1081 & n. 2 (1972). However, inmates' First Amendment

5   rights are limited by the loss of freedom intrinsic to incarceration and

6   by the penological objectives of the institution. O'Lone, 482 U.S. at

7   348, 107 S. Ct. at 2404. Thus, an inmate pursuing a Section 1983 claim

8   for violation of his First Amendment free exercise rights must show that

9   defendants burdened the practice of his religion without any

10   justification reasonably related to legitimate penological interests.

11   See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008)(applying the

12   test set forth in Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254

13   (1987)). Further, the Ninth Circuit has held that, to implicate the

14   free exercise clause, plaintiff must show that defendants' restriction

15   burdened a belief that is "sincerely held" and "rooted in religious

16   belief." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); see Shakur,

17   514 F.3d at 885 (adopting the "sincerity test" set forth in Malik and

18   rejecting Ninth Circuit caselaw requiring the belief at issue to be a

19   central tenet of the inmate's religion).

20

21    Here, plaintiff alleges that he is a vegan and a participant in

22   WVDC's vegan religious diet program. (Complaint at 3.) However,

23   plaintiff does not allege that his veganism is rooted in religious

24   belief. In fact, the Complaint makes no mention of plaintiff's

25   religion. A free exercise of religion claim "must be rooted in

26   religious belief, not in purely secular philosophical concerns." Malik,

27   16 F.3d at 333 (internal quotation marks and citations omitted); see

28   also Johnson v. Moore, 948 F.2d 517, 520 (9th Cir. 1991)(failure to

1   provide inmate with vegetarian diet did not violate his free exercise

2   of religion rights absent evidence that his vegetarianism was rooted in

3   his religious beliefs).

4

5       Accordingly, as presently alleged, plaintiff's free exercise of

6   religion claim must be dismissed.

7

8   **III.  PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CLAIM FOR INSUFFICIENT**

9       **FOOD.**

10

11      Plaintiff alleges that defendants have violated his Eighth

12  Amendment rights by failing to provide him with sufficient food.

13  (Complaint at 3, 4.)

14

15      As an initial matter, if plaintiff is a pre-trial detainee, his

16  claim arises under the Due Process Clause of the Fourteenth Amendment

17  rather than under the Cruel and Unusual Punishment Clause of the Eighth

18  Amendment, which protects only convicted prisoners. *See* Ingraham, 430

19  U.S. at 671 n.40, 97 S. Ct. at 1412 n.40; Bell, 441 U.S. at 535 n.16,

20  99 S. Ct. at 1872 n.16.  Nevertheless, the Eighth Amendment serves as

21  a benchmark for evaluating plaintiff's due process claim.  Frost v.

22  Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

23

24      An Eighth Amendment claim challenging conditions of confinement

25  must satisfy both objective and subjective criteria. Wilson v. Seiter,

26  501 U.S. 294, 298, 111 S. Ct. 2321, 2324 (1991).  First, the deprivation

27  must be sufficiently serious to implicate the Eighth Amendment.  *Id.*

28  A deprivation is sufficiently serious when the inmate has been deprived

1   of the "minimal civilized measure of life's necessities." <u>Rhodes v.</u>

2   <u>Chapman</u>, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981).   Second,

3   officials are liable for the deprivation only if they acted with

4   deliberate indifference to the inmate's health or safety.   <u>Farmer v.</u>

5   <u>Brennan</u>, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994).

6

7       Adequate food is a basic human need protected by the Eighth

8   Amendment.   <u>Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th Cir. 1996).   The

9   Eighth Amendment, however, only requires that prisoners receive food

10  that is adequate to maintain health.   *See* <u>LeMaire v. Maass</u>, 12 F.3d

11  1444, 1456 (9th Cir. 1993).   In a recent case, the Ninth Circuit found

12  that a prisoner who was denied 16 meals in 23 days alleged a

13  sufficiently serious deprivation to implicate the Eighth Amendment.

14  <u>Foster v. Runnels</u>, 554 F.3d 807, 812-13 (9th Cir. 2009).   The plaintiff

15  in <u>Foster</u> alleged that he lost weight and suffered headaches and

16  dizziness as a result of inadequate nutrition.   *Id.* at 813 n.2.

17  Observing that the record contained no evidence of the nutritional value

18  of each meal, and thus no evidence regarding whether one meal could

19  provide enough nutrition to sustain the inmate for an entire day, the

20  Ninth Circuit declared that, because it was obliged to draw all

21  inferences in the inmate's favor, it would presume that the meals he

22  received were inadequate to maintain health and that he suffered a

23  cognizable harm under the Eighth Amendment.   *Id.*

24

25      Here, plaintiff alleges that items such as peanut butter are

26  missing from his food tray "six days out of seven" and that he is

27  receiving less food than non-vegan inmates.   (Complaint at 3.)   Unlike

28  the inmate in <u>Foster</u>, however, plaintiff does not allege that the

missing food items have caused him to suffer physical ill effects. Thus, plaintiff's allegations are insufficient to give rise to the inference that he is not receiving sufficient food to maintain his health, and he has not alleged a deprivation of constitutional magnitude. _Foster_, 554 F.3d at 813 n.2; _LeMaire_, 12 F.3d at 1456.

With respect to the subjective prong of plaintiff's claim, a deputy's repeated refusal to notify kitchen staff of food items missing from an inmate's tray may rise to the level of deliberate indifference to the inmate's health. *See* _Foster_, 554 F.3d at 814. The Complaint, however, contains no factual basis for a claim against Deputies Franco and Brenes based on the size of plaintiff's veggie burger.

Accordingly, as presently alleged, plaintiff fails to state a constitutional claim for failure to provide him with adequate food.

## IV.   PLAINTIFF FAILS TO STATE A CLAIM BASED ON THE HANDLING OF HIS GRIEVANCES.

Plaintiff complains that WVDC officials have disciplined him for submitting an excessive number of grievances regarding his religious diet and have threatened him with further discipline if he submits additional grievances regarding food. (Complaint at 3, Exhibits at 1 [Inmate Discipline Report dated September 7, 2009].)

An inmate cannot state a due process claim based on the handling of his grievances. *See* _Ramirez v. Galaza_, 334 F.3d 850, 860 (9th Cir. 2003)("inmates lack a separate constitutional entitlement to a specific

1  prison grievance procedure"); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.

2  1988) ("[t]here is no legitimate claim of entitlement to a grievance

3  procedure"); *see also* <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir. 1991).

4  However, a prisoner's right of meaningful access to the courts, along

5  with his broader right to petition the government for redress of

6  grievances under the First Amendment, precludes prison authorities from

7  penalizing him for exercising those rights.  <u>Bradley v. Hall</u>, 64 F.3d

8  1276, 1279 (9th Cir. 1995).  The right of access to courts extends to

9  established grievance procedures.  *Id.*; <u>Hines v. Gomez</u>, 853 F. Supp.

10 329, 331 (N.D. Cal. 1994).  To allege a violation of the right of access

11 to courts, a prisoner must allege that he has suffered an actual injury.

12 *See* <u>Lewis v. Casey</u>, 518 U.S. 343, 349, 116 S. Ct. 2174, 2179 (1996).

13

14     Disciplinary acts by prison officials imposed in retaliation for

15 a prisoner's exercise of his right to petition the government may also

16 violate the First Amendment.  *See* <u>Rizzo v. Dawson,</u> 778 F.2d 527, 532

17 (9th Cir. 1985); <u>Valandingham v. Bojorquez,</u> 866 F.2d 1135, 1138 (9th

18 Cir. 1989).  To plead a retaliation claim, plaintiff must allege that

19 defendants restricted his access to the grievance procedure in

20 retaliation for protected activity and that their acts did not serve a

21 legitimate penological purpose.  *See* <u>Pratt v. Rowland,</u> 65 F.3d 802, 806-

22 07 (9th Cir. 1995); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir.

23 1994).

24

25     Here, plaintiff does not contend that his right of access to courts

26 was violated, and he has not alleged an actual injury.  *See* <u>Lewis</u>, 518

27 U.S. at 349, 116 S. Ct. at 2179.  Nor does he allege that the

28 restrictions of which he complains failed to serve any legitimate

penological purpose.  *See* <u>Pratt,</u> 65 F.3d at 806-07; <u>Barnett</u>, 31 F.3d at 816.  On the contrary, plaintiff alleges that defendants disciplined him because he had submitted too many grievances regarding the same subject. (*See* Complaint at 3, 4.)  Finally, to the extent that plaintiff alleges that defendants threatened him with discipline, a threat does not constitute a constitutional wrong.  *See* <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987)(allegations that guards threatened prisoner with bodily harm to persuade him to cease pursuing legal redress did not state a cause of action under Section 1983).  There is a difference between threatening to do an act and actually doing it.  *Id.*

Accordingly, as presently alleged, plaintiff has not stated a constitutional claim based on the restrictions imposed on his filing of grievances concerning food.

**V.   <u>PLAINTIFF FAILS TO STATE A CLAIM AGAINST WVDC OR DEPUTIES FRANCO AND BRENES IN THEIR OFFICIAL CAPACITIES</u>.**

Plaintiff has named WVDC as a defendant.  (Complaint at 1, 2.) Plaintiff also sues Deputies Franco and Brenes in both their official and individual capacities.  (*Id.* at 2.)

WVDC is a county jail facility operated by the San Bernardino County Sheriff's Department ("Sheriff's Department").  (Complaint at 2.) Although the Sheriff's Department may be sued as an entity separately from the County of San Bernardino, *see* <u>Streit v. County of Los Angeles</u>, 236 F.3d 552, 565 (9th Cir. 2001), the jail facilities operated by the Sheriff's Department are not entities that may be sued.  *See* <u>Nunez v.</u>

1 | <u>Yolo County Jail</u>, 2009 WL 2171894, *3 (E.D. Cal., July 21, 2009)

2 | (stating that a jail is not a suable entity); <u>Greene v. Alameda County</u>

3 | <u>Jail</u>, 2008 WL 4225449, *2 (N.D. Cal., Sept. 15, 2008).  If plaintiff

4 | wishes to pursue a claim against the entity operating the jail, he

5 | should name the Sheriff's Department, rather than WVDC, as a defendant,

6 | assuming that he can meet the requirements for a Section 1983 claim

7 | against a governmental entity, as set forth below.

8 |

9 |     A local governmental entity "may not be sued under § 1983 for an

10 | injury inflicted solely by its employees or agents.  Instead, it is when

11 | execution of a government's policy or custom, whether made by its

12 | lawmakers or by those whose edicts or acts may fairly be said to

13 | represent official policy, inflicts the injury that the government as

14 | an entity is responsible under § 1983." <u>Monell v. Department of Social</u>

15 | <u>Services</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978).  Thus, a

16 | local governmental entity is not liable for the acts of its employees

17 | unless:  "the action that is alleged to be unconstitutional implements

18 | or executes a policy statement, ordinance, regulation, or decision

19 | officially adopted or promulgated by that body's officers"; or the

20 | alleged constitutional deprivation was "visited pursuant to a

21 | governmental 'custom' even though such a custom has not received formal

22 | approval through the body's official decision-making channels." *Id.* at

23 | 690-91, 98 S. Ct. at 2035-36; *see also* <u>Redman v. County of San Diego</u>,

24 | 942 F.2d 1435, 1443-44 (9th Cir. 1991).

25 |

26 |     The pleading requirements for a municipal liability claim are not

27 | onerous.  *See* <u>Galbraith v. County of Santa Clara,</u> 307 F.3d 1119, 1127

28 | (9th Cir. 2002)(plaintiff need only allege that a defendant's conduct

conformed to official policy, custom, or practice); Karim-Panahi, 839
F.2d at 624.  Putting aside plaintiff's failure to name the correct
entity, he has failed a allege a claim even under these liberal
standards.  The Complaint contains no allegations regarding any official
Sheriff's Department policy, custom, or practice, pursuant to which the
individuals named in the complaint allegedly violated plaintiff's
constitutional rights.  *See* Monell, 436 U.S. at 690-91, 694, 98 S. Ct.
at 2035-36, 2037-38; Karim-Panahi, 839 F.2d at 624.  This deficiency
mandates the dismissal of plaintiff's *Monell* claims.[2]

    With respect to plaintiff's official capacity claims against
Deputies Franco and Brenes, an official capacity claim is merely another
way of pleading a claim against the governmental entity of which the
official is an agent.  Monell, 436 U.S. at 690 n.55, 98 S. Ct. at 2035
n.55.  Thus, plaintiff's official capacity claims for damages against
Deputies Franco and Brenes fail for the same reasons as set forth above.

    To the extent plaintiff seeks prospective injunctive relief,
Deputies Franco and Brenes, even in their official capacities, are not
the proper defendants to provide plaintiff with the relief he seeks,
namely, larger food portions and exemption from restrictions on repeated
grievances concerning the same subject matter.  Moreover, if plaintiff
succeeds in stating a claim against the Sheriff's Department, official-
capacity claims against the individual defendants will be superfluous.

---

    [2]    In addition, the Court notes that plaintiff seeks punitive
damages from all defendants.  (Complaint at 7.)  Plaintiff cannot
recover punitive damages from a governmental entity.  *See* City of
Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S. Ct. 2748, 2762
(1981).

1   *See* <u>Vance v. County of Santa Clara</u>, 928 F. Supp. 993, 996 (N.D. Cal.

2   1996)(stating that "if individuals are being sued in their official

3   capacity as municipal officials *and* the municipal entity itself is also

4   being sued, then the claims against the individuals are duplicative and

5   should be dismissed").

6

7       Accordingly, plaintiff's claim against WVDC and against Deputies

8   Franco and Brenes in their official capacities must be dismissed.

9

10                              **CONCLUSION**

11

12      For the foregoing reasons, the Complaint is dismissed with leave

13   to amend.  If plaintiff wishes to pursue this action, he is granted

14   thirty (30) days from the date of this Memorandum and Order within which

15   to file a First Amended Complaint that attempts to cure the defects in

16   the First Amended Complaint described herein.  The First Amended

17   Complaint, if any, shall be complete in itself.  It shall not refer in

18   any manner to the original Complaint.

19

20      **Plaintiff is explicitly cautioned that failure to timely file a**

21   **First Amended Complaint, or failure to correct the deficiencies**

22   **described herein, may result in a recommendation that this action be**

23   **dismissed pursuant to Fed. R. Civ. P. 41(b).**

24   DATED: November 10, 2009

25

26                          _Margaret A. Nagle_

27                          _____
                               MARGARET A. NAGLE
                          UNITED STATES MAGISTRATE JUDGE

28